# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY DROUILLARD,

Plaintiff-Appellee,

v

AMERICAN ALTERNATIVE INSURANCE
CORPORATION,

Defendant-Appellant.

FOR PUBLICATION
February 27, 2018

No. 334977
St. Clair Circuit Court
LC No. 2015-002282-NI

Before: TALBOT, C.J., and METER and TUKEL, JJ.

METER, J. (*dissenting*).

I respectfully dissent because I believe the trial court correctly denied defendant's motion for summary disposition. I would affirm.

As noted by the majority, plaintiff's insurance policy defined "uninsured motor vehicle" as follows:

"Uninsured motor vehicle" means a land motor vehicle or "trailer":

* * *

d. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit, or cause an object to hit, an "insured," a covered "auto" or a vehicle an "insured" is "occupying". If there is no direct physical contact with the hit-and-run vehicle, the facts of the "accident" must be corroborated by competent evidence, other than the testimony of any person having a claim under this or any similar insurance as the result of such "accident".

In *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 2-3, 11-12; 792 NW2d 372 (2010), this Court considered a situation analogous to that in the instant case; the insured's vehicle hit a ladder in a roadway, and the policy language at issue was identical to that at issue here. The Court stated:

Defendant claims that in order for the hit-and-run vehicle to "cause an object to hit" plaintiff's vehicle, there must be a physical nexus between the hit-and-run vehicle and the object. Defendant argues that because no one could

-1-

affirmatively state that the ladder fell off another vehicle, only speculation would permit a jury to conclude that there was any nexus between the ladder and the hit-and-run vehicle, and speculation is insufficient to establish a genuine issue of fact. Plaintiff argues that there was no other logical explanation for how the ladder came to be in the roadway, given that the area was not under construction, was not open to pedestrian traffic, and was not beneath an overpass from which a ladder could have fallen. [*Id*. at 12.]

This Court ultimately affirmed the denial of summary disposition to the insurer, concluding that sufficient evidence had been presented to establish a substantial physical nexus between the ladder and another vehicle. *Id*. at 21-22. The majority indicates that the *Dancey* Court was focusing on the possibility of a "substantial physical nexus" between the ladder and another vehicle and not on the "cause an object to hit" phrasing from the policy. Implicit in the *Dancey* Court's holding, however, was that the situation in *Dancey* satisfied the pertinent language of the policy. Therefore, *Dancey* provides supportive caselaw for plaintiff's position in the present case.

In *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 342-343; 556 NW2d 207 (1996), the insured's vehicle struck an object in a roadway and she sought uninsured motorist benefits. The insurance policy in question defined an "uninsured motor vehicle," in part, as a hit-and-run vehicle that "strikes . . . the vehicle the insured is occupying." *Id*. at 342. This Court stated:

> [D]efendant takes issue with the [trial] court's legal conclusion that plaintiff was covered under the uninsured motorist provision of the insurance policy. Defendant acknowledges, and we agree, that the policy's requirement that a hit-and-run vehicle must strike the insured's vehicle constitutes a requirement of physical contact between the hit-and-run vehicle and the insured's vehicle. Defendant's arguments all concern whether physical contact between a hit-and-run vehicle and plaintiff's vehicle occurred in this case.
>
> * * *
>
> [T]his Court has construed the physical contact requirement broadly to include indirect physical contact, such as where a rock is thrown or an object is cast off by the hit-and-run vehicle, as long as a substantial physical nexus between the disappearing vehicle and the object cast off or struck is established by the proofs. In this case, defendant argues that an insufficient nexus existed between a hit-and-run vehicle and the metal piece lying in the road. [*Id*. at 346-347 (citations omitted.]

The *Berry* Court ruled that "the legal requirement of a substantial physical nexus between the hit-and-run vehicle and the object struck by plaintiff was established." *Id*. at 350. The Court indicated that adequate evidence of contact between the insured and another vehicle had been presented because "the metal piece lying in the road that [the insured's] vehicle struck was deposited by the hit-and-run vehicle itself, i.e., the truck hauling a trailer of scrap metal." *Id*. at 352.

The relevant policy language in *Berry* was "a . . . motor vehicle . . . which strikes . . . the vehicle the insured is occupying," and the Court found adequate evidence of coverage. *Id*. at 342, 352. The relevant language in the present case is "a . . . vehicle [that] . . . cause[s] an object to hit . . . a vehicle an 'insured' is 'occupying'." The policy language in the present case is broader than that at issue in *Berry*.

Both *Dancey* and *Berry* suggest the existence of coverage in the present case.[1] In addition, the plain language of the insurance policy supports the existence of coverage. Evidence demonstrated that the building materials in the road "hit" the ambulance when the ambulance proceeded over them. *Random House Webster's Dictionary* (1997) defines "hit," in part, as "to come against with an impact[.]" The building materials "c[a]me against" the ambulance "with an impact[.]" Accordingly, the white pickup truck "cause[d] an object to hit" the ambulance.

In light of the policy language and existing caselaw, I would affirm the denial of summary disposition to defendant.[2]


/s/ Patrick M. Meter

---

[1] Contrary to the suggestion made in the concurring opinion, I do not find that *Dancey* and *Berry* are strictly binding in the present case. I find them *suggestive* of coverage, and reading them in conjunction with the plain language of the policy leads me to conclude that the trial court did not err in denying summary disposition to defendant.

[2] I agree with the majority that defendant was not entitled to summary disposition based on the argument relating to the common definition of a "hit-and-run vehicle" because, contrary to defendant's argument, the trial court correctly concluded that there were genuine issues of fact regarding knowledge on the part of the driver. Whether this knowledge must ultimately be proven in order for plaintiff to recover is not a question currently before us because we are reviewing, simply, whether the trial court correctly denied defendant's motion for summary disposition.